8277

COURT OF APPEAL

PARISH OF ORLEANS.

LIBERTY BANK & TRUST COMPANY

versus

JOS. E. JOHNSON.

*****

Dinkelspiel; J.

Court of Appeal,
PARISH OF ORLEANS
30/24

683

Dinkelspiel; J.

Plaintiff sued defendant for the sum of One Thousand Dollars, together with interest at the rate of eight per cent per annum from November 3rd, 1930 and reasonable attorney's fees; alleging that plaintiff is the holder and owner, for value, before maturity, of a certain promisory note subscribed by defendant and by him endorsed, filing the note for the amount claimed with petition, and said obligation not being paid at maturity, demands judgment against the defendant reserving plaintiff's right to proceed against the International Puncture Cure, Inc. and E. G. Gould, the endorsers on said note.

To this petition defendant admits his signature to the obligation in question but alleges that said obligation was issued without consideration and without any value received from plaintiff, and averring substantially that the transaction between the International Puncture Cure, Inc., E. G. Gould and plaintiff, was a new and distinct contract of loan, separate from any other contract which may have/~~antedated~~ anteceded the transaction and made without reference to any preceding contract but was and is a new and distinct and separate contract by which the Puncture Cure, Inc. and E. G. Gould borrowed money from plaintiff on said note and endorsed same, which said endorsement constituted a new contract.

Alleging further that plaintiff did not purchase said note outright but merely discounted same and the discount was made upon the faith of the endorsement and not upon the note and being a distinct contract between plaintiff and the endorsers, defendant had a right to discuss this matter before plaintiff could proceed against him, which plaintiff has not done.

Alleging also that plaintiff had knowledge that the other parties to the note, Gould and the International Puncture Cure, Inc. were amply able to pay said note and primarily responsible thereon; charges plaintiff, by the action mentioned are protecting or attempting to protect these parties and to the detriment of defendant and fur-

ther alleging that the obligation was given by defendant to the parties named, Gould and others, for the balance of a subscription to stock of said Puncture Cure Inc. and said obligation was made and issued in error of the true facts regarding said Company and because of misinterpretation made by the parties to wit: the Puncture Cure Inc. and Gould, all of which facts are set out in suit No. 134570 of the docket of the Honorable the Civil District Court, Division "D".

The prayer concludes praying for judgment that plaintiff's suit be dismissed and further/~~praying~~ praying that the International Puncture Cure Inc. through Edgar G. Gould, its President and Edgar G. Gould individually, be called in warranty herein and cited to appear and answer plaintiff's petition and this call in warranty and that after trial there be judgment in defendant's favor and against the other parties mentioned heretofore, reserving the further right to sue for damages, etc. etc.

To this answer and call in warranty an order was obtained permitting same to be filed and that the parties in question be called in warranty. Both parties called in warranty filed pleas of no cause of action and the further plea of lis pendens.

On the 4th of March, 1931, plaintiff asked that this cause be fixed by preference on the summary docket of the Civil District Court, which was done against the objections of the defendant.

On the trial of this case the presiding Judge gave the following reasons for judgment on exception to call in warranty and no cause of action.

"Under Article 379 C. P., the endorser has the right to call in the maker in warranty but the maker has no right to call the endorser in warranty. The maker is primarily liable and must defend his own suit without calling anyone in warranty."

Tutonia Bank vs. Brunett, 3 Court of Appeal, p.86.
Wesson vs. Garrison, 8 Ann. 136
Bank vs. Stevens, 11 Ann. 190.

"A controversy between the maker and endorser can be settled in a suit amongst themselves and the records of this Court show that there is pending in Division"E", such a suit.

The exception to the call in warranty is maintained and the call is dismissed."

From this judgment Defendant has taken an appeal to this Court.

During the trial of this case, the same character of argument for a continuance of the case made there was made here and the Court goes on in its opinion overruling, to use the following language:

"The argument of counsel is very ingenous; the cases cited by him are not applicable to this case, which is a civil suit on a promisory note against the maker. The maker calls the endorser in warranty; the Court rendered judgment dismissing the call in warranty; the Court declines to stop the trial of the case and counsel insists. The case is ordered to be proceeded with."

We concur in the views thus expressed and the authorities quoted by the able Judge of the Court aquo are absolutely correct and as far as they go, applicable and we adopt same as part of the reason for the judgment to be rendered in this case.

In the case of Anchor Sawmill Co. vs. Acme Lumber Co., to be found in the 7th Court of Appeal at ~~pagaxiXX~~ page 468, the Syllabus reads as follows:

"The right to issue a call in personal warranty can arise only when there is but one debt, due to plaintiff by defendant, but which a third person is obligated to pay for account of defendant. The fact that a third person is indebted to defendant in a like sum and growing out of the same transaction does not entitle defendant to call him in warranty; the obligation of the warrantor must be to pay the very debt for which defendant is sued."

On page 471 of the same volume in the same matter being application for writs of Certiorari and Prohibition, this Court amongst other things goes on "As between defendant and the alleged warrantors, the question of the right to call them in warranty was presented by the exception. But as between plaintiff and defendant that question arose only when plaintiff sought to proceed without the presence of the alleged warrantors. And plaintiff was entitled to raise the issue regardless of whether Carey & Bro. had or had not themselves raised the issue. It involved a substantial right on their part, the right to proceed regardless of the presence of Carey & Bro.

The books are full of instances in which the right of a defendant to issue a call in warranty has arisen exclusively between a plaintiff and a defendant, and it has always arisen in just that way, viz: over the right vel non of the defendant to demand a continuance for the purpose of having the alleged warrantors present as a party during the proceedings."

Whatever controversy exists between the defendant, the maker of this note and the endorsers, can be tried in another proceeding and that is now pending in the Civil District Court, but that also/cannot interfere nor delay this trial and did not in the Court below and equally so is it the case here.

The Judgment of the Lower Court was in favor of plaintiff, together with allowing judgment in favor of the attorney of plaintiff for ten per cent as attorney's fees in this case.

And amendment has been filed asking for an increase of this amount, which we think should be granted.

It is therefore ordered, adjudged and decreed, that the judgment of the Court a quo be and the same is hereby affirmed but amending said judgment, fiving Lazarus, Michel & Lazarus and Herbert S. Weil, Attorneys in this case, fifteen per cent instead of ten per cent, as attorney's fees, and as thus amended judgment affirmed.

—Judgment amended and Affirmed.